UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TERESA GRIESHOP, | : | Case No.  3:20-cv-50 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Teresa Grieshop brings this case challenging the Social Security Administration's most recent denial of her application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #10), the Commissioner's Memorandum in Opposition (Doc. #14), and the administrative record (Doc. #9).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 423(a)(1).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 423(d)(1)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on October 11, 2016[1], alleging disability due to several impairments, including back problems, 2 bulging discs (L4 and L5), nerve damage, hyperthyroidism, hypoglycemia, Epstein Barr syndrome, degenerative disc disorder, arthritis, and depression. After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Laura Twilley. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. She reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since December 30, 2014.

Step 2: Plaintiff has the following severe impairments: anxiety disorder, not otherwise specified; major depressive disorder without psychotic features; lumbar spondylosis; obstructive sleep apnea, chronic obstructive pulmonary disease; right acromioclavicular joint osteoarthritis; and obesity.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "sedentary work … except [Plaintiff] should not climb ropes, ladders, or scaffolds, but can occasionally climb ramps and stairs. She can occasionally kneel, crouch, crawl, stoop, and balance on uneven, moving, or narrow surfaces. She should not perform work involving any exposure to unprotected heights or dangerous moving machinery. [Plaintiff] should be limited to low stress work defined as work involving only occasional changes in the work setting, no hazardous conditions, and no production-rate pace demands, no public interaction, and no more than superficial (taken here to mean occasional) interaction with co-workers."

---

[1] Plaintiff previously filed an application for benefits on June 7, 2008, which was denied by administrative decision on October 10, 2010. (Doc. #9, *PageID* #s 180-97).

2

  Step 4:  Plaintiff is capable of performing her past relevant work as a human resource clerk and a data entry clerk.

(Doc. # 9, *PageID* #s 38-46). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since December 30, 2014. *Id.* at 47.

  The evidence of record is adequately summarized in the ALJ's decision (Doc. #9, *PageID* #s 35-47), Plaintiff's Statement of Errors (Doc. #10), and the Commissioner's Memorandum in Opposition (Doc. #14). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.** **<u>Standard of Review</u>**

  Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

  The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the

claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III. Discussion**

Plaintiff contends that the ALJ failed to properly evaluate vocational expert testimony and incorrectly relied on a residual functional capacity (RFC) that produced relevant work at step five[2] of the sequential process. (Doc. #10, *PageID* #1151). The Commissioner maintains that substantial evidence supports the ALJ's decision.

"RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis …." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (July 2, 1996). The ALJ is responsible for assessing an individual's RFC. 20 C.F.R. § 404.1520(a)(4). The ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- i.e., opinions about what the individual can still do despite his or her impairment(s) -- submitted by an individual's treating source or other acceptable medical sources." Soc. Sec. R. 96-8p, 1996 WL 374184, *2 (footnote omitted).

Plaintiff asserts that the ALJ erred in determining her RFC because "there are no restrictions … based on off task allowance in the workplace, or absences, due to symptoms associated with [Plaintiff's] lumbar spondylosis." (Doc. #10, *PageID* #1152). According to Plaintiff, the ALJ addressed her extensive history of lumbar spondylosis and recognized that she

---

[2] The ALJ found at step four that Plaintiff was capable of performing her past relevant work as a human resource clerk and a date entry clerk. (Doc. #9, *PageID* #46).

has persistent pain but failed to account for how the condition would affect her ability to stay on task or be present at work.

Substantial evidence supports the ALJ's assessment of Plaintiff's RFC. The ALJ explained the history of Plaintiff's back injury. She acknowledged that Plaintiff reported back pain after she was in a car accident in 2015. (Doc. #9, *PageID* #41). The ALJ also described Plaintiff's treatment, including, for example, that Plaintiff saw Janaice Pauley, M.D., and Robert Smith, D.O., for her back pain. *Id.* at 41-44. They diagnosed spondylosis with myelopathy of the lumbar region and myalgia. *Id.*

The ALJ also recognized that Plaintiff testified that she has back pain. *Id.* at 41, 158. She estimated that she can sit for between thirty minute and forty-five minutes and stand for between ten and fifteen minutes. *Id.* at 41, 163. She can lift a can of soup without pain but if she lifts a gallon of water, she has pain. *Id.* The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id.* at 41. Although Plaintiff had back pain from a motor vehicle accident in 2015, by January 2018, Plaintiff had normal range of motion and imaging showed mild degenerative disc disease of the lumbar spine. *Id.* (citations omitted).

The administrative record does not contain an opinion by any of Plaintiff's treating medical sources or by an examining medical source detailing the gravity of her back problems or describing the impact her back impairment has on her functioning. Furthermore, no medical source opined that Plaintiff would be absent from work more than eight days per year or off task more than fifty percent of the workday. Indeed, there is limited medical opinion evidence in the record.

5

The record-reviewing physicians, Rannie Amiri, M.D., and Dimitri Teague, M.D., opined that Plaintiff can lift and/or carry twenty pounds occasionally and ten pounds frequently. *Id.* at 208, 223. She can stand and/or walk for six hours in an eight-hour workday and sit for six hours. *Id.* at 208, 223. She can frequently kneel, crouch, and climb ramps and stairs. *Id.* at 208-09, 224. She can occasionally stoop and crawl. *Id.* at 209, 224. She cannot climb ladders, ropes, or scaffolds. *Id.* at 208, 224. Plaintiff should avoid all exposure to hazards such as machinery and heights. *Id.* at 209, 225.

The ALJ assigned the record-reviewing physicians' opinions "little weight" because they did not examine Plaintiff, perform any diagnostic tests, or have the complete longitudinal record. *Id.* at 45. Instead, the ALJ found that Plaintiff was more limited; she concluded, "the complete longitudinal medical record more accurately directs a less than sedentary residual functional capacity assessment." *Id.* at 45. Specifically, the ALJ explained that Plaintiff's lumbar spondylosis and right acromioclavicular joint osteoarthritis called for greater limitations than opined by the record-reviewing physicians. *Id.* at 45 (citations omitted).

The recording-reviewing psychological consultants, Jennifer Swain, Psy.D., and Karla Delcour, Ph.D., adopted the mental RFC from the October 5, 2010 decision—"Low stress work defined as work involving only occasional changes in the work setting, no hazardous conditions, and no production-rate pace demands; no public interaction; and no more than superficial interaction with co-workers." *Id.* at 210, 225. The ALJ assigned their opinions "significant weight" because their opinions were consistent with the evidence. *Id.* at 45; *see* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Giovanni Bonds, Ph.D., evaluated Plaintiff in December 2016.  (Doc. #9, *PageID* #637). Dr. Bonds diagnosed persistent depressive disorder and generalized anxiety disorder. *Id.* at 642. She noted that Plaintiff was able to understand, remember, and follow directions during the interview. *Id.* at 643.  She was also able to maintain satisfactory attention and concentration throughout the interview. *Id.*  Dr. Bonds opined, "[Plaintiff] is very much focused on her pain and physical condition and this limits her persisting in activities.  Pain also seems sometimes to distract her and make it difficult for her to focus." *Id.*  Plaintiff was cooperative during the interview and reported that she got along with others when she worked in the past. *Id.*  She also reported that she tries to stay away from others because she is irritable.  Dr. Bonds indicated that she "may have some difficulty working around people, handling interpersonal conflicts or dealing with the public." *Id.*  Furthermore, her "ability to handle day-to-day work pressures is limited by her depressed mood, anxiety and low frustration tolerance.  She would have some difficulties with pressures for productivity and working around many people." *Id.*

The ALJ assigned Dr. Bonds' opinions "significant weight." *Id.* at 45.  She noted that Dr. Bonds was able to personally examine Plaintiff.  *Id.*; *see* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.").  Additionally, Dr. Bonds's opinions were consistent with Plaintiff's counselor's treatment notes and Plaintiff's subjective reports.  (Doc. #9, *PageID* #46); *see* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").  The ALJ included reasonable limitations in her RFC assessment to account

7

for the limitations opined by Dr. Bonds. Specifically, she limited Plaintiff to "low stress work defined as work involving only occasional changes in the work setting, no hazardous conditions, and no production-rate pace demands, no public interaction, and no more than superficial (taken here to mean occasional) interaction with co-workers." (Doc. #9, *PageID* #40).

Plaintiff also contends that ALJ Twilley "failed to fully consider essential vocational expert testimony that accurately portrays Ms. Grieshop's lumbar spondylosis." (Doc. # 10, *PageID* #1153). During the hearing, the ALJ posed a series of hypotheticals to the vocational expert. The vocational expert testified that "an individual can be off task no greater than 50 percent of the workday, and still maintain employment in the national economy." (Doc. #9, *PageID* #172). The vocational expert also testified that being absent more than eight days per year would be work preclusive. *Id.*

According to Plaintiff, "ALJ Twilley's final RFC is devoid of any accounting of absences or off task behavior that would result from Ms. Grieshop's lumbar spondylosis. Although the ALJ asked about an individual who would be absent or an inability to stay on tasks, her decision not to include those limitations in his RFC assessment does not constitute error because the ALJ's earlier hypothetical question reflected the limitations set forth in the RFC assessment and substantial evidence supports the ALJ's RFC assessment. *See Lancaster v. Comm'r of Soc. Sec.*, 228 F. App'x 563, 573 (6th Cir. 2007) ("'While the ALJ may proffer a variety of assumptions to the expert, the vocational expert's testimony concerning a claimant's ability to perform alternative employment may only be considered for purposes of determining disability if the question accurately portrays the claimant's individual physical and mental impairments.'") (quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3rd Cir. 1984)) (citing *Tennant v. Schweiker,* 682 F.2d 707, 711 (8th Cir. 1982)

("This Court has repeatedly warned that hypothetical questions posed to vocational experts ... should precisely set out the claimant's particular physical and mental impairments.")).

The court's review of an ALJ's decision is limited to determining whether the ALJ applied the correct legal standard and whether the ALJ's decision is supported by substantial evidence. *Gayheart,* 710 F.3d at 374. ALJ Twilley reasonably evaluated the medical evidence, objective medical findings, and Plaintiff's statements and applied the correct legal standards to determine her residual functional capacity that is consistent with the evidence of record.

**IT IS THEREFORE ORDERED THAT:**

1. The Commissioner's non-disability determination be **AFFIRMED**; and

2. The case be terminated on the docket of this Court.

October 20, 2021                                                    *s/Peter B. Silvain, Jr.*
                                                                    Peter B. Silvain, Jr.
                                                                    United States Magistrate Judge